**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| NICHOLAS ROWLETT, | |
| Plaintiff, | Case No. 2:06-CV-545 DAK |
| v. | |
| DERRICK HARMON et al., | **ORDER FOR OFFICIAL SERVICE OF PROCESS** |
| Defendants. | |

Plaintiff, Nicholas Rowlett, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983.  *See* 42 U.S.C.S. § 1983 (West 2007).  Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915(b).  *See id.* 1915.  This case was referred to the undersigned magistrate judge under 28 U.S.C. §636(b)(1)(B) and is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

**ANALYSIS**

**I. Screening Standard of Review**

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief can be granted.  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the

plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). For screening purposes, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *See id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

## II. Sufficiency of Plaintiff's Allegations

Plaintiff's Complaint alleges cruel and unusual punishment under the Eighth Amendment based on excessive force and alleged sexual assault by medical staff. Plaintiff states that on February 5, 2005, he required medical attention for severe stomach pain. Defendant Harmon, an EMT at the prison, called a doctor who prescribed laxatives and a suppository for Plaintiff.

Harmon asked Plaintiff whether he would insert the suppository himself, to which he replied "no."  After Plaintiff again refused to insert the suppository himself officers forcefully escorted Plaintiff into the medical room and forced Plaintiff to bend over at the waist.  Harmon then cut of Plaintiff's jumpsuit, pulled down Plaintiff's shorts and inserted the suppository.  Plaintiff alleges that while inserting the suppository Harmon "stuck his finger as far as the last knuckle into [Plaintiff's] anus" and that he left it there "for approximately 4 to 5 minutes." (Compl. at 8.)  Plaintiff asserts that Defendant's actions amounted to sexual assault and caused him physical and emotional suffering.  Plaintiff's Complaint seeks compensatory and punitive damages totaling $1,010,000.

"Ordinarily, an excessive force claim involves two prongs: (1) an objective prong that asks 'if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation,' and (2) a subjective prong under which the plaintiff must show that 'the officials act[ed] with a sufficiently culpable state of mind.'" Giron v. Corrections Corp. of America, 191 F.3d 1281, 1289 (10th Cir. 1999) (quoting Hudson, 503 U.S. at 8, 112 S.Ct. 995) (internal quotation marks omitted) (alteration in original).  The objective component of an excessive force claim is "contextual and responsive to contemporary standards of

decency."  Hudson, 503 U.S. at 8, 112 S.Ct. 995. "The subjective

element of an excessive force claim 'turns on whether force was

applied in a good faith effort to maintain or restore discipline

or maliciously and sadistically for the very purpose of causing

harm.'"  Giron, 191 F.3d at 1289 (quoting Whitley, 475 U.S. at

320-21, 106 S.Ct. 1078).

     The Tenth Circuit has expressly held that sexual abuse is

repugnant to contemporary standards of decency and that

allegations of sexual abuse can satisfy the objective component

of an Eighth Amendment excessive force claim.  Smith v. Cochran,

339 F.3d 1205, 1212 (10th Cir. 2003).   Regarding the subjective

component, the Tenth Circuit has stated that in cases of sexual

abuse or rape "the conduct itself constitutes sufficient evidence

that force was used 'maliciously and sadistically for the very

purpose of causing harm.'"  Giron, 191 F.3d at 1290 (quoting

Whitley, 475 U.S. at 320-21, 106 S.Ct. 1078).

     Although Plaintiff offers little factual support for his

assertion that Hanson's actions amounted to sexual assault,

construing Plaintiff's Complaint liberally the Court finds

Plaintiff's allegations sufficient to state an Eighth Amendment

claim.  Thus, the Court will direct the United States Marshals

Service to effect service of process upon Defendant Harmon.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that the United States Marshals Service shall serve a summons and copy of Plaintiff's Complaint upon Derrick Harmon forthwith.

DATED this 8th day of May, 2008.

BY THE COURT:

Paul M. Warner
United States Magistrate Judge